IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                        **No. CIV 07-0326 RB/LCS**
                                                 **CR  03-1133 RB**

**ANTHONY DAVID TEAGUE,**

      **Defendant.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Movant Teague's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed March 30, 2007.  (Doc. 1.)  Movant attacks the Judgment entered on March 25, 2004 in the case styled *United States v. Anthony David Teague*, CR 03-1133 RB, United States District Court for the District of New Mexico.[1]  (Docs. 61, 62/03CR1133.)  The United States Magistrate Judge, having reviewed the petition and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Movant's petition be **DENIED**.

---

[1] References to documents in the related criminal case, 03CR1133, will be cited using the document number followed by /03CR1133.  Citations using only a document number refer to the documents filed in Movant's present habeas case, 07CV0326.

## I.      PROCEDURAL HISTORY

1.      On March 19, 2003, the United States filed a criminal complaint against Mr. Teague, charging him with the transmission "in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another" in violation of 18 U.S.C. § 875(c).  (Doc. 1 at 1/03CR1133.)  The Court appointed Mr. John Leyba as counsel to Mr. Teague on April 14, 2003.  (Doc. 6/03CR1133.)  After a hearing on April 14, 2003, the Honorable Karen B. Molzen, United States Magistrate Judge, ordered a psychological evaluation of Mr. Teague "to determine his competency to stand trial." (Doc.8/03CR1133; *see also* Doc. 7/03CR1133.)

2.      Juan N. Sosa, Ph.D., a clinical psychologist, conducted the competency evaluation on April 15, 2003.  (*See* Doc. 12/03CR1133.)  In the "Evaluation Results" section, Dr. Sosa noted that Movant attained a perfect score on the Court Competency Test.  (Doc. 12 at 4/03CR1133.)  Dr. Sosa remarked that Movant was "aware of the court process, the roles of the significant officers of the court, [Movant's] ability to assist in his own defense and the possible consequences if found guilty.  [Movant] was clear and consistent in his presentation of the charges against him."  (*Id.*)  Dr. Sosa found that Mr. Teague "appeared to be competent to stand trial at the time of evaluation."  (*Id.*)  Judge Molzen found Movant competent to proceed on April 17, 2003.  (Docs. 9, 13/03CR1133.)

3.      The Court terminated the appointment of Mr. Leyba as Movant's counsel on May 13, 2003.  (Doc. 15/03CR1133.)  Mr. James Maus was appointed as Movant's counsel on May 16, 2003, but Movant moved to withdraw Mr. Maus on June 4, 2003.  (Docs. 16, 17/03CR1133.) Judge Molzen held a hearing on the motion to withdraw, during which Movant asked to proceed

with his case *pro se*. (Doc. 20/03CR1133.) Judge Molzen referred the matter to the Honorable Bobby R. Baldock, Senior United States Circuit Judge, to hold a hearing. (*Id.*) The clerk's minutes from Judge Baldock's June 18, 2003 hearing reflect that Mr. Teague would represent himself until the Government filed an indictment.[2] (Doc. 21/03CR1133.) If the Government filed an indictment, the Court would appoint an attorney to Mr. Teague at the arraignment. (*Id.*) Accordingly, Judge Molzen filed an order terminating the appointment of Mr. Maus. (Doc. 19/03CR1133.)

4.    A federal grand jury returned a one-count indictment on June 18, 2003, charging Mr. Teague with "knowingly and unlawfully transmit[ting] in interstate commerce from the State of Texas to the State of New Mexico, an electronic mail communication to James Locatelli, which . . . contained a threat to injure the person of James Locatelli and his family, that is, a death threat" in violation of 18 U.S.C. § 875(c). (Doc. 22/03CR1133.) The Court appointed Movant's third attorney in this matter, Ms. Marcia Milner, several days later. (Doc. 23/03CR1133.) Movant plead "not guilty" to the charge on June 27, 2003. (Doc. 24/03CR1133.)

5.    Mr. Teague moved the Court for an order appointing yet another attorney as defense counsel. (Doc. 26/03CR1133.) The Court granted the motion,[3] and Mr. Stephen Ryan entered an appearance and substitution of counsel on July 10, 2003, replacing Ms. Milner and becoming Mr. Teague's fourth attorney of record in this case. (Doc. 27/03CR1133.) On September 22, 2003, the Court docketed a letter from Mr. Teague, moving the Court for an order

---

[2] A copy of the June 18, 2003 hearing transcript is also on file with the Court.

[3] The Court granted Movant's motion on July 10, 2003, but the order was not assigned a docket number. (*See* "Utility Event" "granting motion to substitute atty Marcia Milner w/Stephen Ryan" docketed on July 10, 2003.)

allowing him to represent himself, although he did not wish to fully terminate Mr. Ryan's services. (Doc. 37/03CR1133.) Movant withdrew the motion at a later hearing. (*See* Doc. 41/03CR1133.)

      6.      After a one day trial, the jury found Mr. Teague guilty "of transmitting in interstate commerce . . . an electronic mail communication . . . which . . . contained a threat to injure the person of James Locatelli and his family, that is, a death threat . . . ." (Doc. 54/03CR1133; *see also* Doc. 52/03CR1133.) The presentence report ("PSR") was disclosed to the parties on February 6, 2004.[4] (PSR at 1.) The base offense level was 12 pursuant to U.S.S.G. § 2A6.1(a)(1). (PSR at 4.) Movant received a two level enhancement because "the offense involved more than two threats . . . ." (*Id.* (citing U.S.S.G. § 2A6.1(b)(2)).) The total offense level was 14. (*Id.* at 5.) Movant had a criminal history category of I, which established a guideline sentencing range of 15 to 21 months. (*Id.* at 6, 10.)

      7.      Movant filed several objections to the PSR. (Doc. 59/03CR1133.) Movant first objected to the two level enhancement for multiple threats. (*Id.* at 1.) Movant argued that the February 15 and 19 communications "did not constitute threats, did not have a substantial and direct connection to the offense the jury convicted Defendant of . . . [,] and involve speech protected by the First Amendment." (*Id.*) Movant also argued that he should receive a four level reduction in the total offense level because there was only a single communication "evidencing 'little or no deliberation.'" (*Id.* (citing U.S.S.G. § 2A6.1(b)(5)).) Finally, Movant argued that his trial testimony entitled him to a two point reduction for acceptance of responsibility. (*Id.* at 1-2 (citing U.S.S.G. § 3E1.1a).) As a result of Movant's proposed adjustments, Movant believed he was entitled to a lesser sentence or probation. (*Id.* at 2.) The United States responded to

---

[4] A copy of the PSR is on file with the Court.

Movant's objections on March 24, 2004.  (Doc. 60/03CR1133.)

   8. On March 25, 2004, Movant appeared before the Honorable Robert Brack, United States District Judge, for sentencing.  (Docs. 61, 62/03CR1133.)  The Court sentenced Movant to 21 months in the custody of the Bureau of Prisons.  (Doc. 62/03CR1133.)  The sentence was imposed based on an offense level of 14, a criminal history category of I, and a sentencing range of 15-21 months.  (*Id.*)

   9. Mr. Ryan filed a notice of appeal for Movant with the Tenth Circuit on April 2, 2004. (Doc. 63/03CR1133.)  Mr. Ryan later moved the Tenth Circuit Court of Appeals to withdraw as counsel; the court granted the motion and appointed Ms. Vicki Mandell-King as counsel.  (Doc. 67/03CR1133.)  The issues on appeal were (1) whether "the district court erred by . . . requiring as a special condition of supervised release that [Movant] have no contact with the court except through counsel and (2)" whether the district court "instruct[ed] the jury incorrectly on the elements of the offense."  *United States v. Teague*, 443 F.3d 1310, 1311 (10th Cir. 2006).

   10. The Tenth Circuit affirmed Movant's conviction on April 21, 2006.  (*See* Doc. 72/03CR1133.)  Movant petitioned for a writ of certiorari with the United States Supreme Court; the petition was denied on October 2, 2006.  *Teague v. United States*, 127 S. Ct. 247 (2006).  Mr. Teague filed the present Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 with this Court on March 30, 2007.  (Doc. 1.)  The United States filed its response to Movant's motion on June 1, 2007.  (Doc. 9.)  Movant has not filed a reply.

  **II.** **ANALYSIS**

 Movant raises the following issues in his Petition:

      I.       Whether Movant was competent to stand trial.

      II.      Whether counsel was ineffective for failing to investigate Movant's competency after the Court had already found Movant competent to stand trial.

      III.      Whether counsel was ineffective for failing to pursue a temporary insanity defense.

11.    After reviewing the motion, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 ¶ 2 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ." When reviewing the motion, the Court will liberally construe a *pro se* litigant's pleadings and hold the litigant to a less stringent standard than pleadings drafted by an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). If the record conclusively shows Movant is not entitled to relief, the Court may deny his § 2255 motion without an evidentiary hearing. 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472-73 (10th Cir. 1988) (citations omitted).

      **A.**      **Movant Fails to Demonstrate that He Was Incompetent to Stand Trial.**

12.    Movant is procedurally barred from raising this issue because he did not raise it on direct appeal. A defendant may not bring a § 2255 motion "to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993)); *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004). Failing "to present an issue on direct appeal bars [the defendant] from raising the issue in his § 2255 motion . . . ." *Warner*, 23 F.3d at 291 (citing *Cook*, 997 F.2d at 1320). Mr. Teague was found guilty and did not raise this claim on direct appeal, so it is subject to this procedural bar. The only way Movant can bypass this rule is to "show cause excusing his procedural default and actual prejudice resulting from the errors of

which he complains[,]" or that he is actually innocent of his crimes. *Id.* (citing *Cook*, 997 F.2d at 1320); *see also Davis v. United States*, 417 U.S. 333, 346 (1974). Mr. Teague is not claiming actual innocence, so his procedural default will not be excused on that ground.

13.  Nor does Movant allege any facts to show cause for not raising this issue on appeal. Even if there were good cause, Mr. Teague cannot show prejudice because his claim would fail on the merits: Movant has not shown that he was incompetent to stand trial.[5] "'The criminal trial of an incompetent defendant violates due process.'" *Buchanan v. Lamarque*, 2005 WL 103064, at *6 (10th Cir. Jan. 19, 2005) (quoting *Allen v. Mullin*, 368 F.3d 1220, 1238 (10th Cir. 2004), *cert. denied* 125 S. Ct. 1301 (2005) (internal quotation marks and citation omitted)).

> "In determining whether a criminal defendant is competent to stand trial, the trial court must consider whether defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him."

*Id.* at *6-7 (quoting *Gilbert v. Mullin*, 302 F.3d 1166, 1178 (10th Cir. 2002) (internal quotation marks and citations omitted)).

14.  "'[C]ompetency claims may be based on violations of both procedural and substantive due process.'" *Id.* at *7 (citing *Allen*, 368 F.3d at 1239).

> "A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent. The standards of proof for procedural and substantive competency claims differ. To make out a procedural competency claim, a defendant must raise a bona fide doubt regarding his competency to stand trial[.] This requires a demonstration that a reasonable judge should have doubted the defendant's competency. It does not require proof of actual incompetency. A substantive competency claim, on the other hand, requires

---

[5] The same result would be obtained if the Court reviewed Petitioner's claim as one of ineffective assistance of appellate counsel.

the higher standard of proof of incompetency by a preponderance of the evidence." *Id.* (quoting *Allen*, 368 F.3d at 1239 (internal quotation marks and citations omitted)). Here, Movant's petition simply states that he "was incompetent to stand trial . . . ." (Doc. 1 at 4.) Movant presents no further argument or evidence to substantiate this assertion, so I will assume that Movant is claiming both procedural and substantive due process violations.

15. With respect to the procedural competency claim, Movant "must raise a bona fide doubt regarding his competency to stand trial." *Buchanan*, 2005 WL 103064 at *7 (quotation marks and citation omitted). "To determine whether there was a 'bona fide doubt' regarding a criminal defendant's competency, 'we look to evidence of . . . irrational behavior, . . . demeanor at trial, and any prior medical opinion to determine whether further inquiry on the part of the trial judge was required.'" *Id.* (quoting *Smith v. Mullin*, 379 F.3d 919, 930 (10th Cir. 2004) (internal quotation marks and citations omitted)). "'Evidence of mental illness and any representations of defense counsel about the defendant's incompetence also may be considered.'" *Id.* (quoting *Gilbert*, 302 F.3d at 1179 (internal quotation marks and citations omitted)).

16. Here, the Court ordered a psychological evaluation of Mr. Teague "to determine his competency to stand trial." (Doc.8/03CR1133; *see also* Doc. 7/03CR1133.) Dr. Sosa conducted the competency evaluation on April 15, 2003. (*See* Doc. 12/03CR1133.) In the "Evaluation Results" section, Dr. Sosa noted that Movant attained a perfect score on the Court Competency Test. (Doc. 12 at 4/03CR1133.) Dr. Sosa remarked that Movant was "aware of the court process, the roles of the significant officers of the court, [Movant's] ability to assist in his own defense and the possible consequences if found guilty. [Movant] was clear and consistent in his presentation of the charges against him." (*Id.*) Dr. Sosa found that Mr. Teague "appeared to

be competent to stand trial at the time of evaluation." (*Id.*)  Judge Molzen found Movant competent to proceed on April 17, 2003.  (Docs. 9, 13/03CR1133.)

17. There is evidence that Movant was well aware that these proceedings had taken place.  During a June 18, 2003 hearing, the Honorable Bobby R. Baldock, United States Circuit Judge, explained to Movant that Movant could "file a motion seeking to have [himself] evaluated for purposes of allowing the judge to be able to determine whether or not [he is] competent." (Tr. of June 18, 2003 Hr'g at 13:19-22.)  Mr. Teague pointed out that "the competency issue [had] already been addressed before." (*Id.* at 14:4-5.)  Movant did not raise any objections to Judge Molzen's prior finding of competency during that hearing, any later hearings, or by motion.

18. Finally, the Government submitted an affidavit from Mr. Ryan, Mr. Teague's trial counsel.  (Doc. 9, Ex. 1.)  The Tenth Circuit has recognized that "defense counsel is often in the best position to determine whether a defendant's competency is questionable." *McGregor v. Gibson*, 248 F.3d 946, 960 (10th Cir. 2001) (internal quotation marks and citation omitted).  Mr. Ryan had access to Dr. Sosa's report, and he never felt that he had "reason to question Dr. Sosa's conclusion, nor did [he] see any need to seek a second opinion . . . ." (Doc. 9, Ex. 1 at 1.)  Mr. Ryan "found [Movant] to be highly educated, articulate, knowledgeable about mental illness, including but not limited to his own[,] and forthright in expressing his preference about trial strategy." (*Id.*)  Mr. Ryan was aware that Movant "could be impulsive and self destructive in his behavior," but recalled that Movant "invariably found the discipline to concentrate on the issue at hand" during their case preparations.  (*Id.* at 2.)  Mr. Ryan found that Movant "displayed an above average understanding of the legal system.  He understood the legal standard for competency and the difference between that standard and the definition of insanity." (*Id.*)  Based

on his impression of "the nature of [Movant's] mental illness in the context of his overall personality[,]" Mr. Ryan did not believe that he "could present prima facie the elements of insanity sufficient to even raise the defense before the jury." (*Id.*)

19.     Based on the record, I cannot conclude that the "trial court ignored evidence that, viewed objectively, raised a bona fide doubt as to [Mr. Teague's] competency to stand trial." *Clayton v. Gibson*, 199 F.3d 1162, 1171 (quotation marks and citation omitted). The Court found Mr. Teague competent after Dr. Sosa evaluated Movant and concluded that he "appeared to be competent to stand trial at the time of evaluation." (Docs. 9, 12 at 4, 13/03CR1133.) Movant's own testimony during the June 18, 2003 hearing evidences his awareness of the competency finding, and Movant has failed to disagree with that finding verbally or by written motion until this petition. (*See* Tr. of June 18, 2003 Hr'g at 14:4-5.) Finally, Movant's trial counsel asserts that he never had any reason to question Movant's competency. (*See* Doc. 9, Ex. 1.) For these reasons, I recommend that Movant's petition be denied with respect to his procedural competency claim.

20.     "[T]o succeed in stating a substantive incompetency claim, a petitioner must present evidence that creates a real, substantial and legitimate doubt as to his competency to stand trial." *Allen*, 368 F.3d at 1240 (internal quotation marks and citation omitted). Mr. Teague has presented no new evidence with respect to his mental capacity. "Because [Movant] does not meet the lower standard of review for his procedural due process claim and does not provide additional evidence of his incompetency at the time of trial, he also cannot 'satisfy the more demanding standard for a substantive claim.'" *Valdez v. Ward*, 219 F.3d 1222, 1241 (10th Cir. 2000) (quoting *Walker v. Oklahoma*, 167 F.3d 1339, 1347 (10th Cir.1999); and citing *Rogers v.*

*Gibson*, 173 F.3d 1278, 1291 n.13 (10th Cir. 1999); *Nguyen v. Reynolds*, 131 F.3d 1340, 1345-47 (10th Cir.1997)).  I recommend that Movant's petition be denied with respect to his substantive competency claim as well.

### B.   Movant Fails to Demonstrate Ineffective Assistance of Counsel.

21.   Claims of ineffective assistance of counsel "present mixed questions of law and fact . . . ." *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002) (citation omitted).  To prove that his counsel's assistance was constitutionally ineffective, Mr. Teague has the burden of meeting the two prong test formulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. . . .  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process . . . .

*Id.* at 687.

22.   To clear the first prong of *Strickland*, Movant must show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. "The proper measure of attorney performance [is] simply reasonableness under prevailing professional norms." *Id.* at 688.  There is a strong presumption that the challenged actions of counsel come within this wide range; the actions must be viewed not from hindsight, but "from counsel's perspective at the time." *Id.* at 689.

23.   Should Movant demonstrate that his counsel's performance was constitutionally ineffective, he must also clear the second prong of *Strickland* by showing that he suffered

11

prejudice. *Id.* at 691-92. Any prejudice "must be made in view of the strength of the government's case." *United States v. Clonts*, 966 F.2d 1366, 1370 (10th Cir. 1992) (citation and quotation marks omitted). He must "demonstrate that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *Duvall v. Reynolds*, 139 F.3d 768, 777 (10th Cir. 1998) (citations and quotation marks omitted). A reasonable probability is one "sufficient to undermine confidence in the outcome" of the prior proceeding. *Strickland*, 466 U.S. at 694.

24.     The Court need not address both prongs of the inquiry if Mr. Teague makes an insufficient showing on either deficient performance or prejudice. *Id.* at 697. Mr. Teague, in alleging ineffective assistance, bears the burden of alleging facts which, if proved, would entitle him to relief. *Hall*, 935 F.2d at 1110. Mere conclusory allegations without factual support are insufficient to meet this burden. *Id.* (citations omitted).

### 1.     Movant Fails to Sustain His Burden under *Strickland* on His First Claim of Ineffective Assistance.

25.     Movant has not shown that his attorney was ineffective in failing to further investigate Movant's competency after the Court had already found Movant competent to stand trial. As with his first claim, Mr. Teague provides no argument or evidence to support this claim beyond his statement that "counsel failed to investigate my competency." (Doc. 1 at 4.) As discussed in the previous section, there is no evidence that should have "raised a bona fide doubt as to [Mr. Teague's] competency to stand trial." *Clayton*, 199 F.3d at 1171 (quotation marks and citation omitted). Consequently, Movant simply cannot show that his attorney's failure to further investigate Movant's competency was not reasonable. *Strickland*, 466 U.S. at 688. Moreover,

Movant has not established prejudice, because he has not "demonstrate[d] that there is a 'reasonable probability' that the outcome would have been different had" Mr. Ryan requested a second competency hearing. *Duvall v. Reynolds*, 139 F.3d 768, 777 (10th Cir. 1998) (quotation marks and citations omitted). Accordingly, I recommend the Court dismiss his first claim of ineffective assistance of counsel.

      **2.    Movant Fails to Satisfy the *Strickland* Test on His Second Claim of Ineffective Assistance.**

    26.    Movant's attorney was not ineffective for failing to pursue a temporary insanity defense. To prevail on an insanity defense in a federal criminal case, a defendant must show that "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17; *see also United States v. Ringer*, 2005 WL 1666105, at *3 (10th Cir. July 18, 2005). Again, Movant presents no argument or evidence to support this claim. (Doc. 1 at 4.)

    27.    Furthermore, there is evidence that Mr. Teague was fully involved in the planning and presentation of his own defense. (*See* Doc. 9, Ex. 1 at 2.) "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Strickland*, 466 U.S. at 691; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) (and cases cited therein). In this case, Mr. Ryan asserts that Movant "understood the legal standard for competency and the difference between that standard and the definition of insanity. At no time prior to or during his

trial did Mr. Teague express any interest in interposing the defense of insanity. Trial strategy was discussed at length and we mutually settled on" a different defense. (Doc. 9, Ex. 1 at 2.) Further, Mr. Ryan was aware of the "nature of [Movant's] mental illness" and was not confident he "could present prima facie the elements of insanity sufficient to even raise the defense before a jury." (*Id.*) "Although trial counsel has an independent duty to investigate and [prepare a defense], counsel also has to be responsive to the wishes of his client . . . ." *Romano*, 239 F.3d at 1181 (citation omitted). It appears that Mr. Ryan's actions were entirely reasonable: he met and discussed the case with Movant, Movant was actively involved in the selection and preparation of his defense, and Mr. Ryan considered and appropriately rejected an insanity defense. (*See* Doc. 9, Ex. 1.) Only after Movant's conviction did Movant "display an interest in the insanity defense." (*Id.*, Ex. 1 at 2.) Even this brief interest is not enough to establish that Mr. Ryan's actions were unreasonable. Nor has Movant demonstrated that there is a reasonable probability that the outcome of his trial would have been different had Mr. Ryan pursued an insanity defense. *See Duvall*, 139 F.3d at 777 (citations omitted). Consequently, his second claim of ineffective assistance should be denied.

## III.   RECOMMENDATION

28.   I recommend that Mr. Teague's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections

within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE