IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                           No. CV 07-0326 RB/LCS
                                              No. CR 03-1133 RB

ANTHONY DAVID TEAGUE,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under Fed. R. Civ. P. 60(b) and 28 U.S.C. § 2255, upon Movant David Anthony Teague's Motion for Relief from a Judgment or Order (CV 07-0326 Doc. 18; CR 03-1133 Doc. 144), and Motion to Amend Motion for Relief from Judgment (CV 07-00326 Doc. 20; CR 03-01133 Doc. 146). Mr. Teague's Motion for Relief from a Judgment is a second or successive motion under 28 U.S.C. § 2255 filed without authorization from the United States Court of Appeals for the Tenth Circuit, and the Court will dismiss the Petition for lack of jurisdiction.

Mr. Teague was sentenced to 21 months imprisonment on March 26, 2004 for Threat to Injure a Person Through Interstate Commerce in violation of 18 U.S.C. § 875(c). (CR 03-1133 Doc. 61.) Mr. Teague filed a direct appeal of his conviction and sentence on April 2, 2004. (CR 03-01133 Doc. 63.) The Tenth Circuit affirmed his conviction and sentence on May 15, 2006. (CR 03-01133 Doc. 72.)

Teague filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 attacking the conviction and sentence in his criminal case on March 30, 2007. (CR 03-01133

Doc. 74.) This case was opened as a companion civil case, No. CV 07-00326 RB/LCS (CV 07-00326, Doc. 1). The Magistrate Judge entered Proposed Findings and Recommended Disposition (PFRD), concluding that Teague was not entitled to relief on his § 2255 claims, including his claim of ineffective assistance of counsel. (CV 07-00326 Doc. 14.) The District Judge adopted the Magistrate Judge's PFRD, dismissed the Motion with prejudice, and entered Judgment against him on August 16, 2007. (CV 07-00326 Doc. 16, 17; CR 03-01133 Doc. 81.)

After he finished his sentence, but while incarcerated on Texas state criminal charges, Teague then filed a Petition for Writ of Error Coram Nobis on July 25, 2016. (CR 03-01133 Doc. 82.) Teague sought to have his conviction in CR 03-01133 set aside because it was allegedly being used to improperly enhance his Texas state sentence. (CR 03-01133 Doc. 82.) The Magistrate Judge issued a PFRD on August 25, 2017, recommending that Teague's Petition for Writ of Error Coram Nobis be denied with prejudice. (CR 03-01133 Doc. 130.) The District Judge adopted the Magistrate's Judge's PFRD and denied the Petition with prejudice on October 27, 2017. (CR 03-01133 Doc. 134.)

Teague filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 26, 2017. (CR 03-01133 Doc. 138.) In his Motion, Teague again attacked his now-completed sentence in CR 03-01133, contending that it is being used to improperly enhance his Texas state sentence. (*Id.* at 11.) The Court determined that Teague's Motion constituted a second or successive § 2255 and was filed in violation of 28 U.S.C. §§ 2244 and 2255. (CR 03-01133 Doc. 141.)

On April 28, 2018, Teague then filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Texas, again attacking use of the conviction and sentence in CR 03-01133 to enhance his Texas state court sentence. (CV

18-00635 Doc. 1.) The Southern District determined that because Teague is incarcerated in Beeville, Texas, the case should be transferred to the district of his incarceration. The Southern District of Texas transferred the case to the Eastern District of Texas. (CV 18-00635 Doc. 5.) The Eastern District of Texas entered an order concluding that because Teague seeks to be relieved of the federal court sentence imposed in CR 03-01133, his Petition should be construed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and should be transferred to the court that imposed the sentence. (CV 18-00635 Doc. 14.) The Eastern District of Texas then transferred Teague's current Petition to this Court as the sentencing court. (*Id.*)

Teague did not object to the transfer of the case to this District, nor did he challenge the Eastern District of Texas's characterization of his filing as a § 2255 motion to vacate, set aside, or correct sentence. This Court determined that Teague would not be able to obtain any relief under § 2241 because he is not incarcerated in this District, declined to reconsider the characterization of the Petition as a § 2255 motion, and dismissed the Petition as a second or successive § 2255 filing filed without Tenth Circuit authorization. 28 U.S.C. § 2255(h). (CR 03-01133 RB Doc. 17, 18.)

Teague filed his current Motion for Relief from a Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b) in this case on August 16, 2018. (CV 07-00326 Doc. 18 at 1; CR 03-01133 Doc. 144 at 1.) Teague once again claims that his conviction in CR 03-01133 is being wrongfully used to enhance his Texas state criminal sentence. (CV 07-00326 Doc. 18 at 1; CR 03-01133 Doc. 144 at 1.) Teague "asserts that his is not a successive § 2255 motion but is cognizable as a due process constitutional violation regarding his current sentence." (CV 07-00326 Doc. 18 at 1; CR 03-01133 Doc. 144 at 1.) Teague asks the Court to "grant relief by reversing the Court's

3

previous order denying § 2255 relief and vacate his unconstitutional prior judgment of conviction on the criminal case. (CV 07-00326 Doc. 18 at 2; CR 03-01133 Doc. 144 at 2.)

Teague's Motion for Relief does not specify any basis for setting aside the Court's prior order denying him § 2255 relief but, instead, claims that the underlying judgment of conviction in his criminal case was the result of denial of:

> his right to the effective assistance of counsel when his trial attorney failed to object to erroneous jury instructions or failed to request proper jury instructions regarding the mens rea element of the offense as well as a "reasonable person" element.

(CV 07-00326 Doc. 18 at 1; CR 03-01133 Doc. 144 at 1.)

As a threshold matter, the Court must determine whether his Motion for Relief From Judgment is a "true" rule 60(b) motion or, instead, a second or successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction or sentence. *See* 545 U.S. at 538. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the court which precluded a merits determination of the § 2255 motion or (2) challenges a defect in the integrity of the § 2255 proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior petition. *Id.* at 532. A Rule 60(b) motion that asserts or reasserts a federal basis for relief from the underlying conviction or sentence should be treated as a second or successive habeas petition. *Id.* The Court determines that Teague's Motion for Relief should be considered a second or successive § 2255 motion because it challenges the merits of his underlying criminal sentencing, not a defect in the original § 2255 proceeding. *Spitznas*, 464 F.3d at 1215.

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Teague has filed his § 2255 Motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his Motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline*, the Court determines it is not in the interest of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. Teague is no longer in federal custody and consequently may no longer seek relief under § 2255. Instead, Teague may only attack his federal conviction and sentence by a petition for writ of error coram nobis, which Teague has already done. *United States v. Denedo*, 556 U.S. 904, 911 (2009); *see also Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989); *Igo v. United States*, 303 F.2d 317, 318 (10th Cir. 1962). Because Teague may no longer obtain relief under § 2255, it is unlikely that the Tenth Circuit would authorize him to proceed on a second or successive § 2255 motion. It would not serve the interest

of justice for this Court to transfer Teague's § 2255 Motion to the Tenth Circuit, and the Court will dismiss the Motion for lack of jurisdiction. *See Cline*, 531 F.3d at 1252.

Last, under 28 U.S.C. § 2253(c)(1) "[u]nless a circuit justice or a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255." A certificate of appealability may issue under § 2253(c)(1) only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant. The Court determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Teague has failed to make a substantial showing that he has been denied a constitutional right and the Court will deny a certificate of appealability.

**IT IS ORDERED:**

(1) Mr. Teague's Motion for Relief from a Judgment or Order (CV 07-00326 RB/LCS Doc. 18, CR 03-01133 RB Doc. 144), which the Court construes as a second or successive § 2255 motion, is **DISMISSED** for lack of jurisdiction;

(2) Mr. Teague's Motion to Amend Motion for Relief from Judgment (CV 07-00326 RB/LCS Doc. 20, CR 03-01133 RB Doc. 146) is **DENIED** as moot in light of the dismissal of this proceeding; and

(2) a certificate of appealability is **DENIED** and judgment will be entered.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE