IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY DAVID TEAGUE

      Movant,

vs.                                                             No. CV 07-0326 RB/LCS
                                                                  No. CR 03-1133 RB

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL
AND ORDER TO SHOW CAUSE WHY FILING RESTRICTIONS
SHOULD NOT BE IMPOSED**

**THIS MATTER** comes before the Court, *sua sponte* under Fed. R. Civ. P. 60(b) and 28 U.S.C. § 2255, upon Movant Anthony David Teague's second Motion for Relief From Judgment or Order. (CV 07-0326 RB/LCS (hereafter "CV") Doc. 24.) Teague's Motion for Relief From Judgment is a successive motion under 28 U.S.C. § 2255 filed without authorization from the United States Court of Appeals for the Tenth Circuit, and the Court will dismiss the Motion for lack of jurisdiction. The Court will also order Movant Teague to show cause why filing restrictions should not be imposed based on his lengthy and abusive filing history.

**FACTUAL AND PROCEDURAL BACKGROUND**

Anthony David Teague was sentenced by this Court to 21 months imprisonment on March 26, 2004, for Threat to Injure a Person Through Interstate Commerce in violation of 18 U.S.C. § 875(c). (CR 03-1133 RB (hereafter "CR") Doc. 61.) Teague filed a direct appeal of his conviction and sentence on April 2, 2004. (CR Doc. 63.) One of the issues raised in Teague's direct appeal was claimed error in the jury instruction on the elements of the crime. The Tenth Circuit rejected

1

Teague's argument and affirmed his conviction and sentence on May 15, 2006. (CR Doc. 72 at 21–25.)

Teague filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 attacking the conviction and sentence in his criminal case on March 30, 2007. (CR Doc. 74.) This case was opened as a companion civil case, No. CV 07-0326 RB/LCS (CV Doc. 1.) In his first § 2255 motion, Teague raised the issue of ineffective assistance of counsel but chose not to include the jury instruction question as part of his challenge to his conviction. (CR Doc. 74 at 4.) United States Magistrate Judge Leslie C. Smith entered Proposed Findings and Recommended Disposition ("PFRD"), concluding that Teague was not entitled to relief on his § 2255 claims, including his claim of ineffective assistance of counsel. (CV Doc. 14.) The undersigned adopted Judge Smith's PFRD, dismissed the Motion with prejudice, and entered Judgment against him on August 16, 2007. (CV Docs. 16; 17; CR Doc. 81.)

After he finished his sentence, but while incarcerated on Texas state criminal charges in Texas, Teague then filed a Petition for Writ of Error Coram Nobis on July 25, 2016. (CR Doc. 82.) Teague sought to have his conviction in CR 03-1133 set aside because it was allegedly being used to improperly enhance his Texas state sentence. (*See id.*) Teague expressly raised the argument that his counsel was ineffective for failing to properly object to the jury instruction on the elements of the crime. (*Id.* at 1–2.) United States Magistrate Judge William P. Lynch issued Proposed Findings and a Recommended Decision ("PFRD") on August 25, 2017, rejecting Teague's contentions regarding the jury instruction and recommending that Teague's Petition for Writ of Error Coram Nobis be denied with prejudice. (CR Doc. 130 at 3–5.) The undersigned adopted the PFRD and denied the Petition with prejudice on October 27, 2017. (CR Doc. 134.)

Teague filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 26, 2017. (CR Doc. 138.) In his Motion, Teague again attacked his now-completed sentence in CR 03-1133, contending that it is being used to improperly enhance his Texas state sentence. (*Id.* at 11.) Once again, Teague claimed that his counsel was ineffective in failing to object to the jury instruction. (*Id.* at 13–14.) The Court determined that Teague's Motion constituted a second or successive § 2255 and was filed in violation of 28 U.S.C. §§ 2244 and 2255. (CR Doc. 141.)

On April 28, 2018, Teague then filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Texas, again attacking use of the conviction and sentence in CR 03-1133 to enhance his Texas state court sentence. (CV 18-0635 Doc. 1.)[1] The Southern District determined that, because Teague is incarcerated in Beeville, Texas, the case should be transferred to the district of incarceration. The Southern District of Texas transferred the case to the Eastern District of Texas. (CV 18-0635 Doc. 5.) The Eastern District of Texas entered an order concluding that because Teague seeks to be relieved of the federal court sentence imposed in CR 03-1133, his Petition should be construed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and should be transferred to the court that imposed the sentence. (CV 18-0635 Doc. 14.) The Eastern District of Texas then transferred Teague's Petition to this Court as the sentencing Court. (CV 18-0635 Doc. 14.)

Teague did not object to the transfer of the case to this District, nor did he challenge the Eastern District of Texas's characterization of his filing as a § 2255 motion to vacate, set aside, or correct sentence. This Court determined that Teague would not be able to obtain any relief under

---

[1] The Court takes judicial notice of the record in case no. CV 18-0635 RB/GBW. *See Duhart* v. *Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (court may take judicial notice of its own records).

§ 2241 because he is not incarcerated in this District, declined to reconsider the characterization of the Petition as a § 2255 motion, and dismissed the Petition as a second or successive § 2255 filing filed without Tenth Circuit authorization pursuant to 28 U.S.C. § 2255(h). (CV 18-0635 Docs. 17; 18.)

Teague then filed his first Motion for Relief From a Judgment or Order "pursuant to Rule 60(b) of Fed. R. Civ. P." in this case on August 16, 2018. (CV Doc. 18 at 1; CR Doc. 144 at 1.) As in his prior filings, Teague claimed error in connection with the jury instruction and that his conviction in CR 03-1133 is being wrongfully used to enhance his Texas state criminal sentence. (CV Doc. 18 at 1–2; CR Doc. 144 at 1–2.) Teague's Motion for Relief did not specify any basis for setting aside the Court's prior order denying him § 2255 relief but, instead, claimed that the underlying judgment of conviction in his criminal case was the result of denial of "his right to the effective assistance of counsel when his trial attorney failed to object to erroneous jury instructions or failed to request proper jury instructions regarding the mens rea element of the offense as well as a 'reasonable person' element." (CV Doc. 18 at 1; CR Doc. 144 at 1.) Teague "assert[ed] that his is not a successive § 2255 motion but is cognizable as a due process constitutional violation regarding his current sentence." (CV Doc. 18 at 1; CR Doc. 144 at 1.) Teague asked the Court to "grant relief by reversing the Court's previous order denying § 2255 relief and vacate his unconstitutional prior judgment of conviction on the criminal case. (CV Doc. 18 at 2; CR Doc. 144 at 2.) This Court construed Teague's Rule 60(b) motion as a successive § 2255 collateral attack on his conviction and sentence, filed without Tenth Circuit authorization, and dismissed the motion for lack of jurisdiction. (CV Doc. 22; CR Doc. 147.)

Without acknowledging the Court's prior dismissal of his first motion, Teague has now filed what he acknowledges to be a second Rule 60(b) motion. (CV Docs. 24; 25.) Teague argues

4

that his second Motion is a "true" Rule 60(b) motion that challenges a defect in the prior § 2255 proceedings. Teague claims that, if the Court had appointed counsel to represent him in connection with his 2007 Motion to Vacate, Set Aside, or Correct Sentence, counsel would have raised his jury instruction arguments and that would have resulted in setting aside his "illegal" conviction under §2255. (CV Doc. 24 at 1.)

## TEAGUE'S SECOND RULE 60(b) MOTION
## IS A SUCCESSIVE § 2255 MOTION TO VACATE HIS CONVICTION

Once again, as a threshold matter, the Court must determine whether his second Motion For Relief From Judgment is a "true" Rule 60(b) motion or, instead, a second or successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Under *Gonzalez,* a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction or sentence. *See* 545 U.S. at 537. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the court which precluded a merits determination of the § 2255 motion or (2) challenges a defect in the integrity of the § 2255 proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior petition. *Id.* at 532, 541. A Rule 60(b) motion that asserts or reasserts a federal basis for relief from the underlying conviction or sentence should be treated as second or successive habeas petition. *id.* at 530.

The Court determines that Teague's second Motion For Relief should be considered a second or successive § 2255 motion because it challenges the merits of his underlying criminal sentencing, not a defect in the original § 2255 proceeding. *See Spitznas*, 464 F.3d at 1215. Teague was aware of the jury instruction issue at the time he filed his first § 2255 proceeding, but he chose not to raise it as part of his ineffective assistance of counsel argument. (CR Doc. 30 at 3–5.) His

contention that the 2007 proceeding was defective because, if the Court had appointed counsel, counsel would have undoubtedly raised the issue for him, is no more than an attempt to circumvent the Court's dismissal of his first 60(b) motion. The substance of his second 60(b) motion still seeks to vacate his conviction and sentence based on error in the jury instruction at his criminal trial and is still, in essence, a successive § 2255 motion. (CV Docs. 24 at 1; Doc. 26 at 1.)

As the Court has previously advised Teague, Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Despite being informed of the need for authorization on multiple occasions, Teague has again filed his § 2255 Motion without seeking any authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his Motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals, the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline*, the Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. Teague is no longer in federal custody and, as

a consequence, may no longer seek relief under § 2255. Instead, Teague may only attack his federal conviction and sentence by a petition for writ of error coram nobis, which Teague has already done, and the issue has been resolved against him on the merits. *United States v. Denedo*, 556 U.S. 904, 911 (2009); *see also Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989); *Igo v. United States*, 303 F.2d 317, 318 (10th Cir. 1962). Because Teague may no longer obtain relief under § 2255, it is unlikely that the Tenth Circuit would authorize him to proceed on a second or successive § 2255 motion. It would not serve the interests of justice for this Court to transfer Teague's § 2255 Motion to the Tenth Circuit, and the Court will dismiss the Motion for lack of jurisdiction. *Cline*, 531 F.3d at 1252.

Also pending before the Court is Movant Teague's Motion to Expedite Rule 60(b) Motion. The Motion asks this Court to expedite ruling because "[m]ovant is currently serving an unconstitutional enhanced sentence that originated out of this District that is the subject of his § 2255 motion." (Doc. 26.) The Court will deny the Motion to Expedite as moot in light of the dismissal of this proceeding.

Last, under 28 U.S.C. § 2253(c)(1) "[u]nless a circuit justice or a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255." A certificate of appealability may issue under § 2253(c)(1) only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant. The Court determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Teague has failed to make a substantial showing that he has been denied a constitutional right and the Court will deny a certificate of appealability.

# ORDER TO SHOW CAUSE WHY FILING RESTRICTIONS SHOULD NOT BE IMPOSED

Teague may not continue to abuse the judicial process by filing improper post-conviction motions and proceedings. Despite being advised that his filings are improper and Tenth Circuit authorization is required, he continues to do so. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). District courts have the inherent power to regulate filings of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati*, 878 F.2d at 352).

The Court has the discretion to place reasonable restrictions on any litigant who submits non-meritorious filings or generally abuses the judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may impose limitations or conditions on future filings. Restrictions on further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54; *Andrews*, 483 F.3d at 1077; *United States v. DeWilliams*, 612 F. App'x 489 (10th Cir. 2015). Teague has the right to notice and to oppose in writing the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Based on the history of the underlying criminal action and his subsequent post-conviction submissions, the Court finds that Teague has a documented history of filing improper motions and proceedings without the mandatory authorization or jurisdiction. This history demonstrates that the imposition of filing restrictions is warranted. Therefore, the court will order Teague to show

cause within 14 days of entry of this Memorandum Opinion and Order why he should not be prohibited from submitting any new filings in the United States District Court for the District of New Mexico challenging his criminal conviction in No. CR 03-1133 RB without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico unless he obtains permission from the court to proceed *pro se.* In order to obtain permission to proceed *pro se*, Teague will be directed to take the following steps:

1. File with the clerk of this court a motion requesting leave to file a *pro se* proceeding challenging his conviction in No. CR 03-1133 RB.

2. Include in the motion requesting leave to file a *pro se* action challenging his conviction in No. CR 03-1133 RB the following information:

   A. A copy of the Tenth Circuit authorization to file a second or successive § 2255 motion as required by 28 U.S.C. §§ 2244(3)(A) and 2255(h).

   B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of New Mexico. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed *pro se* challenging his criminal conviction in No. CR 03-1133 RB.

Any motion requesting leave to file a *pro se* action challenging the criminal conviction in CR 03-1133 RB and the proposed new pleading shall be submitted to the clerk of the court, who shall file and forward them for review to the sentencing judge or another judge assigned to the case. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the

Federal Rules and the Local Rules of the United States District Court for the District of New Mexico. Any filing submitted by Teague that does not comply with these restrictions will be returned to Teague by the Clerk without filing or submission to the Court.

**IT IS ORDERED:**

(1) Movant Anthony David Teague's Motion for Relief From Judgment or Order (CV Doc. 24), which the Court construes as a second or successive § 2255 motion, is **DISMISSED** for lack of jurisdiction;

(2) Movant Teague's Motion to Expedite Rule 60(b) Motion (CV Doc. 26) is **DENIED** as moot in light of the dismissal of this proceeding;

(3) a Certificate of Appealability is **DENIED**; and

(4) within 14 days after entry of this Memorandum Opinion and Order Anthony David Teague **SHALL SHOW CAUSE** in writing why he should not be prohibited from making new filings challenging his criminal conviction in No. CR 03-1133 RB without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico unless he obtains the permission of the court to proceed *pro se* by completing the steps specified above.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE