IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY DAVID TEAGUE,

    Petitioner,

v.                                                     No. CV 07-0326 RB-LCS
                                                     No. CR 03-1133 RB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Anthony David Teague's motion to alter or amend the Memorandum Opinion and Order entered October 16, 2020 (the "2020 Ruling). (Docs. 42; 43.) Teague filed the Motion on October 23, 2020, within 28 days of the 2020 Ruling. The motion is therefore analyzed under Federal Rule of Civil Procedure 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for altering a judgment include: (1) an intervening change in the controlling law; (2) newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).

Teague claims the 2020 Ruling incorrectly rejected his "Fifth Rule 60(b) Motion," which challenges a 2007 habeas decision. The habeas decision pertains to Teague's 2004 federal conviction for interstate threats (18 U.S.C. § 875(c)). Teague was sentenced to 21 months imprisonment in 2004, and on August 21, 2007, this Court denied 28 U.S.C. § 2255 habeas relief. (Docs. 16; 17.) In 2020, Teague sought to alter the 2007 habeas ruling under Rule 60(b)(6) on the ground that he lacked post-conviction habeas counsel. The Court explained that the failure to

appoint habeas counsel does not warrant Rule 60(b)(b) relief because it is not "extraordinary," nor does it "offend[] justice." *Zurich N. Am. v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Where, as here, the habeas claims are decided on the record, "a petitioner has no constitutional right to counsel in habeas proceedings." *Rodriguez-Rodriguez v. Standifird*, 437 F. App'x 622, 623 (10th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996)).

The instant Motion is limited to that conclusion. Teague argues:

> The claims in [his] § 2255 [habeas proceeding] were not decided on the record. The record was expanded by trial counsel's affidavit. See Doc. 9-1. The [2007] Magistrate [Judge's] Report and Recommendation (Doc. 14) referred to such affidavit throughout and this R&R was subsequently adopted by the District Court (Doc. 16). The Rules Governing § 2255 cases in the District Courts[,] Rule 8(c) clearly mandate appointment of counsel in such instance.

(Doc. 43 at 1.) This argument is incorrect for multiple reasons. A case is decided on the record any time the Court issues a ruling without conducting an evidentiary ruling. The Rules Governing § 2255 Proceedings for the United States District Courts (Habeas Rules) expressly state that "[a]ffidavits may . . . be submitted and considered as part of the record." Habeas Rule 7(b). The rules further provide that the Court is only required to appoint habeas counsel in the event of an evidentiary hearing. *See* Habeas Rule 8(b) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A"). The record reflects that the Court denied habeas relief in 2007 based on the filings in the federal record, and without holding an evidentiary hearing. (Docs. 14; 16.) Accordingly, the 2020 Ruling correctly concluded that the lack of habeas counsel is not an extraordinary circumstance justifying relief from a 13-year old judgment under Rule 60(b)(6). Teague has not demonstrated grounds for reconsideration, and the Court will deny the Motion. (Doc. 43.)

**IT IS THEREFORE ORDERED** that Anthony David Teague's Motion to Alter or Amend Judgment or Order (CV Doc. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **TRANSMIT** a copy of this Memorandum Opinion and Order to the Tenth Circuit Court of Appeals, **Case No. 20-2156**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE