THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY DAVID TEAGUE,

    Petitioner,

v.                                                                 No. 21-cv-0901 RB-DLM
                                                                  No. 17-cv-1261 RB-GBW
                                                                  No. 07-cv-0326 RB-LCS
                                                                  No. 03-cr-1133 RB

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Anthony David Teague's most recent post-judgment motions regarding his 2007 habeas proceeding. (*See* Docs. 77–81 in 07-cv-0326-RB-LCS; Docs. 1–3 in 17-cv-1261 RB-GBW; Docs. 17–19 in 21-cv-0901 RB-DLM (the Instant Motions).) By a Memorandum Opinion and Order entered December 12, 2023, the Court declined to reopen Teague's 2007 federal habeas proceeding under Fed. R. Civ. P. 60(b)(4) or (6). (*See* Doc. 15 in 21-cv-0901 RB-DLM (the 2023 Post-Judgment Ruling).) The 2023 Post-Judgment Ruling contains a detailed history of Teague's attempts to vacate his federal conviction for interstate threats and, when that was unsuccessful, the 2007 federal habeas ruling on that conviction. (*See id.*) The 2023 Post-Judgment Ruling – which is incorporated herein by reference – ultimately concludes that relief from the 2007 habeas ruling is not available under Rules 60(b)(4) or (6). (*See id.*)

Teague filed the Instant Motions within 28 days after entry of the 2023 Post-Judgment Ruling. Based on that timeline, the motions would ordinarily be analyzed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (motions to reconsider filed within 28 days after the judgment are generally analyzed under Rule 59). Some of the

arguments seek relief under Rule 60(b), however. The Court will therefore consider whether there are grounds for relief from the 2023 Post-Judgment Ruling under Rules 59 or 60.

Rule 59(e) permits relief based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; or (4) a void judgment *See* Fed. R. Civ. P. 60(1)–(4). Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Courts have considerable discretion in deciding whether to reconsider a ruling. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

In the Instant Motions, Teague primarily points to alleged defects in the 2023 Post-Judgment Ruling. He argues:

(1) In 2007, he did not have an opportunity to reply to the Government's response to his 28 U.S.C. § 2255 motion; the rules governing Fed. R. Civ. P. 12(b)(6) and 56 should have been applied in that § 2255 habeas proceeding; and the 2023 Post-Judgment Ruling incorrectly concluded Teague received due process prior to entry of the 2007 habeas ruling.

(2) Teague is entitled to amend his prior post-judgment motions to include arguments under Rule 60(b)(1); Rule 12(b)(6); and Rule 56.

(2) The Proposed Findings and Recommended Disposition entered July 24, 2007, in the 2007 habeas proceeding (the 2007 PFRD) came as a surprise to Teague.

2

(3) Teague was entitled to additional notice before entry of the 2007 PFRD.

(4) Teague received ineffective assistance by counsel in his underlying federal criminal case, and the Instant Motions should be construed as "mixed" pleadings.

Many of these arguments simply rehash issues that were considered and rejected in the 2023 Post-Judgment Ruling. *See McNelly v. Cline*, 743 F. App'x 906, 907 (10th Cir. 2018) (post-judgment motions "may not be used to rehash issues that were addressed . . . earlier"). Some arguments cite seemingly new reasons (*i.e.*, the failure to correctly apply Rule 12(b)(6) and Rule 56) as to why the 2007 habeas ruling is void based on a lack of due process. The 2023 Post-Judgment Ruling contains an exhaustive analysis on why the 2007 habeas ruling is not void under Rule 60(b)(4) or (b)(6). Having carefully considered the Instant Motions, the Court finds none of the new arguments change that analysis. To the extent Teague now seeks to amend the post-judgment motions that were the subject of the 2023 Post-Judgment Ruling, such request is untimely and, in any event, would not change the result.

The Instant Motions may also raise successive § 2255 habeas claims; they reference a "mixed" petition and ineffective assistance by counsel in the underlying criminal case. As explained to Teague on many occasions, district courts lack jurisdiction over successive habeas claims filed without prior authorization from the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). District courts can transfer successive claims to the Circuit so that a petitioner may seek the required authorization, but the circumstances here do not warrant such a transfer. Any § 2255 claims are time-barred; Teague knows this Court lacks jurisdiction; and he has not demonstrated any claims are colorable. To the extent the Instant Motions raise successive § 2255 claims, such claims will be dismissed for lack of jurisdiction. The Court will also deny a

certificate of appealability (COA) under Habeas Rule 11. The lack of jurisdiction over any successive habeas claims is not reasonably debatable, nor is the rejection of Teague's post-judgment arguments. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A certificate may only issue if reasonable jurists would debate the assessment of the claims).

**IT IS THEREFORE ORDERED** that Anthony David Teague's post-judgment motions filed between December 18, 2023 and January 8, 2024 (**Docs. 77–81 in 07-cv-00326-RB-LCS; Docs. 1–3 in 17-cv-1261 RB-GBW; Docs. 17–19 in 21-cv-901 RB-DLM**) are **DENIED**, to the extent they raise arguments under Rule 59 or Rule 60; to the extent those motions raise any successive § 2255 claims, such claims are **DISMISSED without prejudice** for lack of jurisdiction; and a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **SEND** a copy of this ruling to the Tenth Circuit in connection with Teague's pending appeal, Case No. 24-2178.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE